| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| GABRIEL MARTINEZ,<br><br>Plaintiff,<br><br>vs.<br><br>DIANA BORJA,<br><br>Defendant. | Case No. 1:17-cv-01594-LJO-EPG<br><br>FINDINGS AND RECOMMENDATIONS THAT THIS CASE BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, TO BE FILED IN WRITING WITHIN 14 DAYS |

### A. Introduction

Plaintiff Gabriel Martinez, appearing *pro se*, filed a Complaint on November 30, 2017. (ECF No. 1). On December 5, 2017, the Court entered an Order to Show Cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 3.) The Order gave Plaintiff 14 days to file a written response and warned that "[f]ailure to file a response will be considered an admission that the jurisdictional defects cannot be cured by amendment to the Complaint."

For the following reasons, it is recommended that this action be dismissed without prejudice.

### B. Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction.

"[A] case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir.

2002), *quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

Here, the Complaint does not appear to contain any allegation of a violation arising under the Constitution, federal law, or treaties of the United States. Plaintiff's claims are state claims and do not invoke federal subject matter jurisdiction. *Kaohi v. Kaiser Found. Health Plan, Inc.*, Case No. 15-00266 SOM/RLP, 2015 WL 6472231, at *5 (D. Haw. Oct. 27, 2015) (remanding medical malpractice claims to state court).

Alternatively, under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." 28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010), *citing* 28 U.S.C. § 1332(a). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Id*., *quoting Smith v. McCullough*, 270 U.S. 456 (1926).

Plaintiff does not make any allegation that diversity jurisdiction exists. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-858 (9th Cir. 2001) ("the party asserting diversity jurisdiction bears the burden of proof."). From what information the Court has gathered from the pleadings filed on the public docket, it does not appear that Plaintiff would be able to assert diversity.

\\\
\\\
\\\

2

**C. Conclusion**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED without prejudice.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 26, 2017__    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE